UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-141 |
| v. | * | SECTION: "M" |
| JONATHAN ORPILLA SINLAO | * | |

\* \* \*

## FACTUAL BASIS

Should this matter have gone to trial, the Government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegation charged by the Government in Count 1 of the Indictment now pending against the defendant, **JONATHAN ORPILLA SINLAO ("SINLAO")**, which charges him with conspiracy to commit access device fraud in violation of Title 18, United States Code, Section 1029(b)(2). Both the Government and the defendant, **SINLAO**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty.

### Overview

If this case had proceeded to trial, the Government would present documentary and testimonial evidence that the Department of Homeland Security - Homeland Security Investigations ("HSI") conducted an investigation into over 100 fraudulent transactions at Home Depot stores in 2019. This investigation revealed that **SINLAO** used victims' credit card numbers backed by Citibank to make approximately $340,164.49 in unauthorized purchases between in and around February 2019 at through in and around July 2019 at Home Depot stores located in Louisiana, Florida, Texas, Arizona, California, New York, and Oklahoma. At least

AUSA
Defendant
Defense Counsel

seven of these unauthorized transactions took place in the Eastern District of Louisiana, in New Orleans, Gretna, Harahan, and Kenner, in or around April 2019.

At trial, the Government would present evidence that **SINLAO** routinely went into Home Depot stores in person and purchased gift cards and other items, which he paid for utilizing a temporary charge pass containing his name and 16-digit credit card numbers. The Government would introduce bank records from Citibank proving that these 16-digit credit card numbers were not issued to **SINLAO**. The Government would introduce testimony by cardholders that these purchases were unauthorized. The Government would introduce video footage and/or photographic evidence from Home Depot stores which captures **SINLAO** conducting approximately 78 unauthorized transactions. An HSI Special Agent would testify that he recognizes **SINLAO** as the individual conducting these transactions based on, among other characteristics, **SINLAO's** distinctive tattoos. The Government would also introduce Home Depot receipts and other Home Depot records showing that **SINLAO** provided his true driver's license number in connection with approximately 88 transactions. Moreover, the Government would introduce flight records from Southwest Airlines and United Airlines showing that **SINLAO's** travel was consistent with the locations in which the fraudulent transactions occurred.

The Government would present evidence that, during the aforementioned scheme, **SINLAO** conspired with others, including Co-Conspirator 1 and Co-Conspirator 2. The Government would introduce documentary and video evidence that **SINLAO** and his co-conspirators would sometimes conduct unauthorized transactions at Home Depot stores located in the same geographic area at around the same time period as one another. The Government would introduce bank records from Charles Schwab and flight records from Southwest Airlines and

AUSA
Defendant
Defense Counsel

United Airlines showing that **SINLAO** and his co-conspirators sometimes traveled to the locations of fraudulent transactions on the same itineraries and paid for the travel with the same credit card. For example, the Government would introduce flight records showing that, on or about March 2, 2019, **SINLAO** and Co-Conspirator 2 flew from San Jose, California, to Phoenix, Arizona on the same itinerary. On or about March 2, 2019, video surveillance at a Home Depot in Tempe, Arizona captures **SINLAO** and Co-Conspirator 2 conducting transactions at the same time.

The Government would introduce documentary evidence that **SINLAO** and his co-conspirators would sometimes conduct unauthorized transactions using the same Home Depot credit card numbers as one another. For example, the Government would present documentary evidence that, on or about April 23, 2019, Co-Conspirator 1 conducted a transaction of approximately $1,822.60 using a Home Depot credit card number ending in x2388, at a Home Depot store located at 1100 South Claiborne Ave., New Orleans, Louisiana. The Government would introduce video evidence of **SINLAO** conducting two transactions the next day using the same Home Depot credit card number ending in x2388, at a Home Depot store located at 5151 Citrus Boulevard, Harahan, Louisiana, to receive items of an approximate value of $4,676.55. The Government would introduce a Home Depot receipt showing that, during this transaction, **SINLAO** purchased a Home Depot gift card ending in x5448. D.D. would testify that credit card number ending in x2388 was issued to D.D., and that these purchases by **SINLAO** and Co-Conspirator 1 were not authorized. The Government would introduce testimonial and physical evidence that, on or about April 23, 2019, **SINLAO** sold a Home Depot gift card ending in x5448, with a balance of $2,000, to a pawn shop in Metairie, Louisiana, for approximately $1,000.00. An employee of the pawn shop would testify that, during this transaction, the pawn shop

AUSA *[initials]*
Defendant *JS*
Defense Counsel *[initials]*

photographed **SINLAO's** driver's license and kept it on file. The pawn shop employee would testify that the pawn shop still had this gift card because it was deactivated due to suspected fraud before the pawn shop could sell it.

The Government would introduce testimonial and documentary evidence that, on or about July 4, 2019, **SINLAO** went into a Home Depot store located at 6720 N.W. Expressway, Oklahoma City, Oklahoma, and attempted to conduct two unauthorized transactions using two different Home Depot credit card numbers that were not issued to him. A Home Depot employee would testify that she learned that the card numbers were not issued to **SINLAO** and called the Oklahoma City Police Department ("OKCPD"). The Government would introduce testimonial and documentary evidence that OKCPD then obtained a warrant to search a U-Haul vehicle that **SINLAO** had driven to the Home Depot on July 4th. The Government would introduce testimonial and photographic evidence that, during the search of the U-Haul, OKCPD officers seized: receipts for fraudulent Home Depot purchases; boxes containing Home Depot merchandise; temporary charge passes containing **SINLAO's** name with 16-digit credit card numbers not assigned to **SINLAO**; and **SINLAO's** personal effects, including his Social Security card and tax forms.

### Conclusion

In sum, the Government would present evidence that, through the above-described scheme, **SINLAO** conspired with Co-Conspirator 1, Co-Conspirator 2, and others to commit access device fraud between February 2019 and July 2019 by making unauthorized purchases at Home Depot stores in the Eastern District of Louisiana and elsewhere using sixteen-digit credit card numbers that were not issued to him or his co-conspirators. **SINLAO** admits that his unauthorized

AUSA
Defendant
Defense Counsel

transactions caused a loss of approximately $340,164.49 to Citibank, and that this loss was foreseeable to him.

### Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **SINLAO** and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offenses by **SINLAO**.

The above facts come from an investigation conducted by, and would be proven at trial through, *inter alia*, credible testimony from witnesses including Special Agents from the Department of Homeland Security, Citibank cardholders, employees of Home Depot, Deputies with Jefferson Parish Sheriff's Office, Officers with the Oklahoma City Police Department; and the introduction of bank records, photographs, video footage, flight records, physical evidence, and other admissible tangible exhibits in the custody of HSI.

READ AND APPROVED:

_____
JONATHAN ORPILLA SINLAO
Defendant

_____
SAMANTHA KUHN
Counsel for Defendant

_____
MARIA M. CARBONI
Assistant United States Attorney